Gershengorn, Wendie I., J.
This is a personal injury case where the plaintiff fell on a set of stairs outside of her apartment. Before the court is defendant’s motion for summary judgment as to all of the plaintiff s claims: negligence (Count I) and breach of the implied warranty of habitability (Count II). For the following reasons, the defendant’s motion is Allowed.
BACKGROUND
On September 3, 2002, the plaintiff, Terri Bourque (“Bourque”), fell on steps leading to her apartment at 71 Messenger Street in Plainville (“the subject property”). On the date of the accident, the defendant, Town & Country Realty, LLC (“T&C”), did not own the subject property, because on August 23, 2002, a *568 representative for T&C conveyed the subject property to DSF Plainville, LLC (“DSF”). Prior to the conveyance, Bourque had informed T&C that the stairs were defective. After the conveyance, Bourque also informed DSF about the defective condition.[1]
DISCUSSION
Summary judgment shall be granted where there are no genuine issues of material fact and where the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Comm’r of Corr., 390 Mass. 419, 422 (1983); Cmty. Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The moving party may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case, or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. Gen. Motors Corp., 410 Mass. 706, 716 (1991).
Bourque cannot establish that T&C owed her the requisite duty in order to establish her claim of negligence. Bourque does not and cannot point to any case law for the proposition that a past owner of property continues to owe a duty to a tenant after selling the property. Similarly, the implied warranty of habitability does not extend to past landowners. See Fletcher v. Littleton, 68 Mass.App.Ct. 22, 25 (2007) (“During the rental of any premises for residential purposes, whether pursuant to a written or oral lease and whether for a specified term or as a tenant at will, there exists an implied warranty of habitability . . .”). Bourque’s fall did not occur during her rental with T&C, but rather it occurred during her rental with DSF. Therefore, T&C, as a matter of law, could not have breached the implied warranty of habitability. The court will grant the defendant’s motion for summary judgment as to both of these claims.
ORDER
For the foregoing reasons, the defendant’s motion for summary judgment is ALLOWED.

Therefore, this is not a case dealing with a hidden defect.